UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

John Collins

    v.                                               Civil No. 09-cv-78-JM

University of New
Hampshire, et al.


**O R D E R**


Plaintiff John Collins is a tenured professor at the University of New Hampshire ("UNH" or "the university") who brought this civil rights action following his June 2007 arrest for disorderly conduct and criminal stalking of another professor at the university.  The charges were dismissed and he ultimately was reinstated at the university, in January 2008.  He now claims his First, Fourth, Fifth, Ninth and Fourteenth Amendment rights were violated by the university's decisions to ban him from campus and to suspend his professional relationship with the school while the matter was investigated.  Before the court is defendants' motion for judgment on the pleadings (document no. 10).  Plaintiff objects (document no. 11).  As explained below, defendants' motion is granted.

Discussion

**1. Standard of Review**

A motion for judgment on the pleadings is evaluated based on the same standard as a motion to dismiss, which accepts all well-pleaded facts as true and draws all reasonable inferences in the light most favorable to the non-moving party.  See Citibank Global Markets, Inc., v. Rodriguez Santana, 573 F.3d 17, 23 (1st Cir. 2009) (citing authority); see also Remexcel Managerial Consultants, Inc. v. Arlequin, 583 F.3d 45, 49 (1st Cir. 2009) (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1203)).  "But to survive a motion to dismiss (or a motion for judgment on the pleadings), the complaint must plead facts that raise a right to relief above the speculative level, such that entitlement to relief is plausible."  Citibank Global Markets, 573 F.3d at 23 (citations omitted); see also Perez-Acevedo v. Rivero-Cubano, 520 F.3d 26, 29 (1st Cir. 2008)(citing Bell Atlantic v. Twombly, 440 U.S. 544, 555-56 (2007)).

With this standard in mind, I review the complaint.

**2. Count I - False Arrest/Disorderly Conduct**

Plaintiff first asserts that his June 29, 2007 arrest for disorderly conduct violated his Fourth Amendment rights, because

2

he was charged with a violation, not a crime, and, therefore, under New Hampshire law should not have been arrested.  See N.H. Rev. Stat. Ann. ("RSA") 644:2, VI (2007) (categorizing disorderly conduct as a violation or misdemeanor), RSA 625:9, II (b) (Supp. 2009) (providing that violations are not crimes), & RSA 594:1, I (2001) (defining "arrest" as taking someone into custody who has been charged with a crime).  The Fourth Amendment guarantees that:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. Const., amend. IV.  A claim for a violation of the Fourth Amendment challenges the reasonableness of a search and seizure and whether they were done with probable cause.  See Acosta v. Ames Dep't Stores, Inc., 386 F.3d 5, 9 (1st Cir. 2004) ("When there is probable cause for an arrest, the Fourth Amendment's prohibition against unreasonable searches and seizures is not offended.").  In Count I, plaintiff asserts that his arrest for disorderly conduct was an unreasonable "seizure" in violation of the Fourth Amendment.

Plaintiff alleges that on June 28, 2007, he was waiting for the elevator in Rudman Hall, at UNH, with two other people. In response to an inquiry from one of those two people, plaintiff "raised his voice and uttered epithets without naming any person" and then, less than a minute later, boarded the elevator with the two other people. Plaintiff further alleges that based simply on that exchange he was arrested the next morning for disorderly conduct and stalking. See Compl. ¶¶ 9-11. Plaintiff represents that the criminal complaint charged him with targeting Stacia Sower, another professor at the university, though she was not present when he made the challenged remarks. See id. The disorderly conduct complaint charged plaintiff with engaging "in violent, tumultuous or threatening behavior in a public place, in that [he] did kick over a garbage can in the lobby . . . and screamed repeatedly, said actions disturbing multiple co-workers in the immediate area . . .." See id. ¶ 11. Plaintiff admits that his arrest for disorderly conduct was based on an arrest warrant, but claims the arrest was unconstitutional because he was charged with a violation, not a crime. See id. ¶¶ 27 & 28.

Defendants argue that Count I should be dismissed because New Hampshire law in fact allows persons to be arrested based on

4

violations, citing <u>State v. Miller</u>, 115 N.H. 662, 664, 348 A.2d 345, 346-47 (1975).  That case is still good law, and it both controls the issue and disposes of plaintiff's claim.  As the New Hampshire Supreme Court explained there:

> "The purpose of classification is to provide a framework whereby the relative seriousness of offenses may be scaled and sentences authorized accordingly." . . . [V]iolations are retained in the criminal code by reason of "the fact that use of the criminal process of enforcement has been traditional."  It thus appears that the classifications were for determination of punishments and were not intended to affect the "criminal process of enforcement.". . . Until the enactment of the Criminal Code all "offenses" were either misdemeanors or felonies and the term "crimes" and "offenses" were synonymous.. . . While for purposes of the Criminal Code a "violation" is an "offense" but not a "crime," no such distinction exists outside the Code.. . . Relating the language of RSA 594:1 I (1974)[1] to other statues relating to arrest and criminal procedure indicates the use of the word "crime" was not intended as a word of limitation but rather to encompass broadly all offenses prohibited by statue or ordinance.

<u>Id.</u> at 663-64 (quoting <u>New Hampshire Criminal Code</u> 625:9,

---

[1]That is the statutory definition of arrest, which refers to answering for the "commission of a crime."  <u>See</u> RSA 594:1, I. The Criminal Code clearly differentiates offenses based on the punishment to be imposed, <u>see</u> <u>e.g.</u> RSA 594:1, II & RSA 625:9, and not on the enforcement process, which applies to all "offenders" and explicitly allows arrests for violations.  <u>See</u> <u>e.g.</u> RSA 594:7, 594:10 & 594:10-a.

5

Comments to 1969 Report (1975)).  In Miller, the court held that an arrest for a violation was proper.  See id. at 664 (explaining how breaches of municipal ordinances and similar violations are not considered "crimes" and are punishable with only limited fines yet arrest warrants may issue based on complaints of such violations).

    Plaintiff counters that the issue presented by Count I is whether a person may be arrested for a civil offense.  He argues that the "import of the criminal code is that a violation is a civil offense" which "shall not give rise to any disability or legal disadvantage based on conviction of a criminal offense."  See Pl.'s Mem. in Supp. of Obj. to Def.'s Mot. for J. on the Pleadings ("Pl.'s Mem.") at 3.  This argument is flawed for two reasons.  First, violations in the criminal code, which plaintiff acknowledges disorderly conduct is part of, are actually criminal offenses, not civil offenses.  See RSA 625:9, II ("Every offense is either a felony, misdemeanor or violation.").  Second, as this very argument concedes, the distinction between a violation and a misdemeanor or felony turns on the punishment to be dispensed, not the process by which the charges are enforced.  See Miller, 115 N.H. at 664, 348 A.2d at 346 (citing Comments to the N.H.

Criminal Code).  The fact that disorderly conduct may be a violation simply does not preclude a person from being arrested for the offending conduct.  See id.; see also RSA 594:7 (providing for the arrest of any "offender") & 594:10, I (providing for warrantless arrests on a violation charge).

It bears noting that plaintiff does not challenge the validity of the arrest warrant.  A warrant for an arrest cannot be issued except upon probable cause.  See U.S. Const. amend. IV. The probable cause threshold is not difficult to meet, requiring only a reasonable belief, based on apparently trustworthy information and the totality of the circumstances, that a crime has been committed and the putative defendant was the perpetrator.  See Maryland v. Pringle, 540 U.S. 366, 370 (2003) ("The probable-cause standard is a practical, nontechnical conception that deals with the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act."); see also Acosta, 386 F.3d at 9 (citing authority to define probable cause); Gidley v. Oliveri, 641 F. Supp. 2d 92, 103 (D.N.H. 2009) (explaining an arrest warrant grounded on reasonably trustworthy information is constitutional).  The portion of the criminal complaint quoted in

plaintiff's complaint here, see Compl. ¶ 11, shows that the arresting officer had enough information to believe he had probable cause to charge plaintiff with disorderly conduct. The underlying complaint, in particular the charge that plaintiff had "screamed repeatedly . . . disturbing multiple co-workers," id., demonstrates that the arresting officer understood plaintiff's conduct had persisted beyond the initial remarks and could support a finding of probable cause to charge plaintiff with the misdemeanor, rather than the violation, of disorderly conduct.[2] In either event, there was probable cause to arrest plaintiff for his disorderly conduct, as the warrant evidenced.

"When there is probable cause for an arrest, the Fourth Amendment's prohibition against unreasonable . . . seizures is not offended." Acosta, 386 F.3d at 9. Defendants are entitled

---

[2]Although plaintiff's claim in Count I asserts disorderly conduct is a violation, when disorderly conduct continues after the offender has been asked to stop it is a misdemeanor, not a violation. See RSA 644:2, VI (providing that the offense is a misdemeanor "if [it] continues after a request by any person to desist"). Plaintiff never states that he was charged with the violation rather than the misdemeanor; he simply argues that disorderly conduct is a violation. If plaintiff in fact was charged with the misdemeanor offense, his arrest for disorderly conduct was appropriate even under his erroneously narrow reading of the arrest statute, since a misdemeanor is a crime. See RSA 625:9, II(a).

to judgment on Count I, because their arrest of plaintiff for disorderly conduct based on a valid arrest warrant was not an unconstitutional seizure in violation of the Fourth Amendment.

### 3. Count II - False Arrest/Stalking

Plaintiff next challenges his arrest for stalking, in violation of RSA 633:3-a.  See Compl. ¶ 32.  Plaintiff contends that the arresting officer did not have probable cause to find a "'course of conduct' consisting of two or more acts over a period of time" or to find that plaintiff's statement while waiting for the elevator was a threatening communication, because "[a] reasonable police officer . . . would have realized that the outburst in question was . . . a single act."  Id. at ¶¶ 32-34.  Because a "singular frustrated outburst" is not conduct that can reasonably be understood as evidence of stalking, plaintiff claims that his arrest on those charges was without probable cause, in violation of the Fourth Amendment.  Unlike count I, count II directly challenges the validity of the arrest warrant.

An arrest warrant is constitutional if supported by probable cause.  See U.S. Const. amend. IV.  As discussed supra, the inquiry to determine whether there was probable cause to support the issuance of a warrant is a generous one, considering what an

objectively reasonable and prudent officer would have understood based on the facts and circumstances known to him.  See Acosta, 386 F.3d at 9-10.  When an arrest warrant issued by a judicial officer is challenged, as plaintiff does in Count II, a reviewing court must give "great deference" to the judge's determination of probable cause.  See Gates, 462 U.S. at 236 (discussing probable cause in the search warrant context); see also United States v. McMullin, 568 F.3d 1, 6 (1st Cir. 2009) (same).  "The task of the issuing magistrate is simply to make a practical, common-sense decision . . . given all the circumstances set forth in the affidavit before him. . ..  And the duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed."  Gates, 462 U.S. at 238 (internal quotation omitted).  The arrest warrant will be upheld unless it was "'so lacking in indicia of probable cause as to render official belief in its existence unreasonable. . ..'" Afreedi v. Bennett, 517 F. Supp. 2d 521, 539 (D. Mass. 2007) (quoting Malley v. Briggs, 475 U.S. 335, 344-45 (1986) to explain probable cause in the qualified immunity context). (internal quotation omitted)).

   As alleged here, the criminal complaint on which the arrest

warrant was based stated that plaintiff had "recklessly engage[d] in a course of conduct targeted at Stacia Sower which would cause a reasonable person to fear for his or her personal safety and Stacia Sower was actually placed in such fear. . .." Compl. ¶ 10. It also recites specific language, repeated three times by plaintiff, which the arresting officer found to be threatening. See id. It is the facts as they are understood and sworn to by the officer, not as they ultimately may be proven to have transpired, that are the basis for the finding of probable cause. See Gates, 462 U.S. at 235 (explaining only reasonable suspicion, not prima facie evidence, is required); see also Gidley, 641 F. Supp. 2d at 103 (explaining the objective standard of a probable cause finding). As alleged, see Compl. ¶ 10, Officer Whitten believed plaintiff had said three separate times that he wanted to hurt Stacia Sowers, which is enough for a judicial officer to determine there was probable cause to charge plaintiff with stalking. See U.S. v. McMullin, 568 F.3d 1, 7 (1st Cir. 2009) (explaining that evidence provided to police officers by victims or witnesses can support a finding of probable cause); see also RSA 633:3-a, I(a) & II(a) (2007) (defining stalking as recklessly engaging in a course of conduct of two or more acts over a period

of time, however short, targeted at a specific person which would reasonably cause that person to fear for his or her personal safety).

Plaintiff adamantly insists that Officer Whitten's criminal complaint, which was the basis for the arrest warrant, cannot be accepted as true and "is in stark contrast to the operative facts contained in ¶ 9 and Count II."  Pl.'s Mot. at 6.  This argument is misguided, however, because in assessing the probable cause finding, the court is not accepting as true the facts as Officer Whitten believed them to be when he wrote the underlying criminal complaint.[3]  Instead, those facts are only reviewed to determine the reasonableness of the judge's decision that probable cause existed to justify the issuance of an arrest warrant.  That standard is far lower than the evidentiary standard required to prove that plaintiff was guilty of the charges lodged against him.  See Samos Imex Corp. v. Nextel Commc'ns, Inc., 194 F.3d 301, 303 (1st Cir. 1999) (comparing the lower standard of

---

[3]To the contrary, the probable cause finding may be based on credible hearsay, which need not be ultimately correct, but which must reasonably give rise to suspicions of criminal activity. See e.g. McMullin, 568 F.3d at 7 (allowing police officers to rely on credible complaints of victims or witnesses); see also Acosta, 386 F.3d at 10 ("there is no requirement that the officer corroborate every aspect of every complaint with extrinsic information").

probability required by the Fourth Amendment than is required by the civil preponderance standard).  "[A]rrests – made long before all proof is assembled for a trial – can be justified as based on probable cause by showing a reasonable basis for belief that a suspect committed a crime; in many cases such a basis exists without a 50 percent-plus likelihood that the suspect is guilty."  Id.  As alleged in the Complaint, the October 2007 dismissal of the charges against plaintiff illustrates this point perfectly.  A finding of probable cause is simply not proof that someone is guilty.

Accepting as true all the allegations in Count II, I find that the arrest warrant for stalking was supported by probable cause and, therefore, that plaintiff cannot state a claim that his Fourth Amendment rights were violated when he was arrested on June 29, 2007.  Defendants are entitled to judgment on the pleadings with respect to Count II.

## Conclusion

For the reasons set forth above, defendants' motion (document no. 10) is granted.  Defendants are entitled to judgment in their favor on Counts I and II.  Count I and Count II are dismissed from this action.

**SO ORDERED.**

/s/ James R. Muirhead
James R. Muirhead
United States Magistrate Judge


Date:   March 15, 2010

cc:     Paul McEachern, Esq.
        Martha Van Oot, Esq.