```
            UNITED STATES DISTRICT COURT FOR THE
                   DISTRICT OF NEW HAMPSHIRE
```

John Collins

    v.                                    Civil No. 09-cv-78-LM

University of New Hampshire
and Bruce L. Mallory


**O R D E R**

    Defendant University of New Hampshire ("UNH") has moved for judgment on Count III of the First Amended Complaint (document no. 21), in which plaintiff asserts a due process claim under 42 U.S.C. § 1983.  UNH argues that it is not a "person" within the scope of § 1983, citing Senu-Oke v. Jackson State Univer., 521 F. Supp. 2d 331 (S.D. Miss. 2007), Naqm v. Univ. of Tex., No. Civ.A. H-04-2132, 2005 WL 1185801 (S.D. Tex. May 11, 2005), and Hill v. Bd. of Trs. of Mich. State, 182 F. Supp. 2d 621 (W.D. Mich. 2001).  None of the authority on which UNH relies is persuasive or controlling, and the relationships between the state agencies and the states involved in those cases are distinguishable from UNH's position here.

    Whether or not UNH is so closely connected to and part of the New Hampshire state government to be considered the state for

purposes of avoiding § 1983 liability depends on a variety of factors that focus on the form, functions and powers of the state entity.  See Univ. of R.I. v. A.W. Chesterton Co., 2 F.3d 1200, 1204 (1st Cir. 1993) (listing factors to assess to determine a state entity's autonomy from the state).  The question of whether the New Hampshire state university system is the "alter ego" of the state was thoroughly analyzed and decided in Univ. of N.H. v. U.S. Gypsum, Corp., 756 F. Supp. 640 (D.N.H. 1991).  Although the issue there was whether the state university system could be considered a person for purposes of satisfying this court's diversity jurisdiction, the court was guided by Eleventh Amendment Immunity law governing when a state agency is to be treated as an arm of the state.  See id. at 644.  Because of the state university system's financial and managerial independence from the state government, in particular its board of trustees' autonomy and broad authority, the court concluded that the University System of New Hampshire "is a governmental corporation of sufficient autonomy to escape designation as an alter ego of the state."  Id. at 647 (denying motion to dismiss).[1]

---

[1] As plaintiff correctly points out, the determination that UNH is a "person" was tacitly approved just three years later when this court analyzed a § 1983 suit against UNH filed by one of its professors with no discussion of UNH's potential immunity.

While <u>Univ. of N.H. vs. U.S. Gypsum Corp.</u> is nearly 20 years old, it remains good law.  A recent First Circuit case holding that a state college is an "alter ego" of the state and therefore immune from suit under § 1983 was, like the authority UNH cites in support of its motion here, based on another state's law.  <u>See e.g.</u> <u>Fantini v. Salem State College</u>, 557 F.3d 22, 33 (1st Cir. 2009) (dismissing claim against state college in Massachusetts because it is not a person for purposes of § 1983).  Although it is well-settled that neither a state nor any of its agencies can be sued under § 1983, <u>see</u> <u>Brown v. Newberger</u> 291 F.3d 89, 92 (1st Cir. 2002) (citing <u>Will v. Mich., Dept. of State Police</u>, 491 U.S. 58, 71 (1989) and <u>Seminole Trib of Fla. v. Florida</u>, 517 U.S. 44, 55-56 (1996)), the critical difference here is that UNH, as a "body politic and corporate," N.H. Rev. Stat. Ann. § 187-A:1, is not considered a state agency or otherwise an "arm" or "alter ego" of the state of New Hampshire.  <u>See</u> <u>Univ. of N.H.</u>, 756 F. Supp. at 644-47; <u>see also</u> <u>Iravedra v. Public Bldg. Auth.</u>, 196 F. Supp. 2d 104, 106-07 (D.P.R. 2002) (citing authority that the analysis turns on whether the state-related agency is juridically distinct from the state); <u>cf.</u> <u>Wang v. N.H. Bd. of Regist. in</u>

---

<u>See</u> <u>Silva v. Univ. of N.H.</u>, 888 F. Supp. 293, 312-15 (D.N.H. 1994).

Med., 55 F.3d 698, 700-01 (1st Cir. 1995) (dismissing § 1983 claim for money damages against state medical licensing board members acting in their official capacities).

Based on this law and the generous standard of review applicable to motions under Rule 12(c), see Citibank Global Markets, Inc., v. Rodriquez Santana, 573 F.3d 17, 23 (1st Cir. 2009) (citing authority), I find that plaintiff has alleged facts that render his due process claims plausible and, therefore, deny UNH's motion for judgment on the pleadings with respect to count III (document no. 21).

**SO ORDERED.**

_____
Landya B. McCafferty
United States Magistrate Judge

Date:  August 25, 2010

cc:  Marth van Oot, Esq.
     Paul McEachern, Esq.
     John L. Arnold, Esq.